ACCEPTED
03-11-00420-CV
5695066
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 1:27:40 PM
JEFFREY D. KYLE
CLERK

Appeal No. 03-11-00420-CV

_____

In the Court of Appeals
Third Judicial District
Austin, Texas

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 1:27:40 PM
JEFFREY D. KYLE
Clerk

**DAVID PENNY**

*Appellant,*

**v.**

**EL PATIO, LLC D/B/A EL PATIO MOTEL,**

*Appellee.*

_____

On Appeal from the 119th District Court
Tom Green County, Texas
Cause No. B-09-0977-C

_____

**MOTION FOR REHEARING**

_____

Greg Gossett
GOSSETT, HARRISON,
MILLICAN & STIPANOVIC, P.C.
State Bar No.: 08225000
P.O. Drawer 911
San Angelo, TX  76902
(325) 653-3291
Telecopier No. (325) 655-6838
gregg@ghtxlaw.com

TO THE HONORABLE COURT OF APPEALS:

NOW COMES David Penny, Appellant herein, and files the following motion for rehearing:

POINTS RELIED ON FOR REHEARING

1. The Court of Appeals erred in holding that "(a)fter an initial hearing on the issue, the district court found that Mirazo had authority to prosecute…" At the Rule 12 hearing on November 2, 2010, Mirazo did not call any witness, did not introduce any testimony nor introduce any evidence, but merely relied on oral argument (RR-Nov). The presiding judge stated that evidence was necessary under Rule 12 (RR-Nov 45:18-20; Appendix #5). So at the November 2 Rule 12 hearing the trial court expressly stated that evidence of authority was necessary, but Mirazo had not produced any at that point. Then later that same day and without receiving any new evidence the Trial Court summarily overruled the Rule 12 Motion.

If the challenged attorney fails to show authority at the hearing, Rule 12 states that the Court **_shall_** refuse to permit the attorney to appear and **_shall_** strike the pleadings. It is mandatory and there is no discretion. The subsequent hearings were not rehearings of this issue, but hearings on Appellant's Motion to set aside the order denying the motion under Rule 12.

Assuming for the sake of argument that Hyde had authority either as manager or under the Operating Agreement to authorize litigation, at the  hearing

on November 2, 2010, Mirazo did not introduce any testimony nor introduce any evidence, that Hyde had authorized him to prosecute this case. To avoid the requirements of Rule 12, the Court of Appeals then creates a new jurisdiction, the right to conduct trials *de novo* and look outside the evidence (or lack thereof) at the Rule 12 hearing to discover other evidence that would support the otherwise defective ruling of the Trial Court.

2.        The Court of Appeals erred in holding that this Court can review a district court's decision on such a matter by trial *de novo*. Both appellant and appellee in their supplemental briefs filed after oral argument agree that the standard is "abuse of discretion" and not trial *de novo*. And Appellant then further argues that when Mirazo produced no evidence to show authority at the November 2 hearing, the trial court had no discretion, but to strike the pleadings.

By conducting a trial *de novo* at the appellate level, this court is granting the appellee a second bite at the apple, which is not authorized by Rule 12. This appellate court does not have jurisdiction to conduct trial *de novo* on evidentiary issues.

## PRAYER

For these reasons, David Penny, Appellant requests that this Court grant this motion for rehearing, withdraw its prior opinion and judgment, and issue an opinion and judgment reversing the trial court's judgment (1) overruling Penny's

motion to show authority, (2) striking Penny's pleadings and (3) imposing

discovery sanctions; Appellant David Penny requests any other relief to which he

may be entitled.

Respectfully submitted,

**GOSSETT, HARRISON,**
   **MILLICAN & STIPANOVIC, P.C.**
   P.O. Drawer 911
   San Angelo, TX 76902
   (325) 653-3291; Telecopier No. (325) 655-6838

By__/ss/Greg Gossett_____
   **Greg Gossett,** State Bar No. 08225000
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing brief has been both emailed and mailed by certified or registered mail, properly addressed, return receipt requested, in a postpaid envelope deposited with the United States Postal Service this 16th day of June, 2015, to the following, to-wit:

Stephen H. Nickey
1201 North Mesa, Suite B
El Paso, TX 79902
Texas State Bar No. 15014225
(Appellate Counsel for Appellee)

____/ss/ Greg Gossett_____
Greg Gossett

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Appellant's Motion for Rehearing has been prepared and typed in 14 point font, footnotes are typed in 12 point font, and conforming with the inclusions and exceptions in Rule 9.4, the word count is 722.

\_\_/ss/ Greg Gossett_____
Greg Gossett